UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
AVROHOM DIER
on behalf of himself and
all other similarly situated consumers

                       Plaintiff,

     -against-


PROFESSIONAL RECOVERY SERVICES, INC.

                     Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Avrohom Dier seeks redress for the illegal practices of Professional Recovery Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Voorhees, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Avrohom Dier*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 15, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said April 15, 2014 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, was visible the consumer's account number assigned by the Defendant, above the Plaintiff's name and address.

13. Section 1692f of the FDCPA states:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15. The account number, when disclosed to the public eye, exposes the consumer's financial quandary.

    Douglass v. Convergent Outsourcing, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign . . . Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor . . . Accordingly, Douglass's account number is impermissible language or symbols under § 1692f(8).)

16. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

17. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18. The said letter is a standardized form letter.

19. Defendant's April 15, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiff and the members of a class.

22. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 15, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Capital One Services LLC; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 10, 2014

   /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

   /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

PROFESSIONAL RECOVERY SERVICES INC.
P.O. BOX 1880
VOORHEES NJ 08043
PHONE: (866) 464-1013

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED

#BWNLCSV S-ONPREC10 L-060 A-11975761
#▮▮▮57619# P3H1IK00201466 - 311780253 I02907
AVROHOM DIER
2726 E 64TH ST
BROOKLYN NY 11234-6822

PROFESSIONAL RECOVERY SERVICES
P.O. BOX 1880
VOORHEES, NJ 08043-7880

04/15/14

To make a payment on line, please visit our website at www.prsinc.net/gateway.

| Account # : | Client # : | Amount Due: |
|---|---|---|
| ▮▮▮5761 | ▮▮▮1643 | $ 707.68 |

Client : **CAPITAL ONE SERVICES LLC**

✂ Detach Upper Portion And Return With Payment ✂

### *** IMPORTANT COLLECTION NOTICE ***

ACCOUNT # : ▮▮▮5761
RE : Your account with our client
**CAPITAL ONE SERVICES LLC**
**AMOUNT DUE : $ 707.68**

PROFESSIONAL RECOVERY SERVICES INC.
P.O. BOX 1880
VOORHEES NJ 08043
PHONE: (866) 464-1013

Dear AVROHOM DIER,

Professional Recovery Services, Inc. is the authorized representative for the above mentioned client. At this time, we are able to offer you a settlement of $424.61 on this account to be paid within 15 days. This means that if you choose to take advantage of this offer and settle your account for $424.61 within the timeframe specified, you will no longer be responsible for payment of the remaining balance. Your account will be reported to our client as settled and collection activity on this account will stop. We encourage you to take advantage of this offer.

If this is not enough time or you would prefer to make payment arrangements, please contact us immediately. We are not obligated to renew this offer.

Very Truly Yours,

*John Crosby*
PROFESSIONAL RECOVERY SERVICES INC.
Office Manager

To make a payment on line, please visit our website at www.prsinc.net/gateway.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**NEW YORK CITY LICENSE # 1027246**